NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ROCKY LANE, AKA Michael Lane, <br><br> Petitioner-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent-Appellee. | No. 21-15828 <br><br> D.C. No. 2:19-cv-05028-DGC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 18, 2023**
Phoenix, Arizona

Before: OWENS and BADE, Circuit Judges, and BAKER,*** International Trade Judge.

Michael Lane appeals from the district court's order dismissing his second

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

petition for a writ of habeas corpus challenging his federal criminal conviction. We have jurisdiction under 28 U.S.C. § 2253, and we review a district court's dismissal of a habeas petition as second or successive de novo. *Brown v. Muniz*, 889 F.3d 661, 666 (9th Cir. 2018).

To avoid dismissal, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires Lane to show "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1).[1] We conclude that Lane did not meet this heavy burden and affirm the district court's denial of his petition.

Lane argues that previously undisclosed evidence from a Northern District of Texas case, *United States v. Gas Pipe, Inc.*, No. 3:14-cr-00298-M (N.D. Tex.), undermines the testimony of the government's expert, Dr. DiBerardino, that each charged substance underlying Lane's convictions had "[a] chemical structure . . . which is substantially similar to the chemical structure of a controlled substance in schedule I or II." 21 U.S.C. § 802(32)(A)(i). Because Lane's asserted *Brady*[2]

---

[1] We interpret both AEDPA § 2244(b) and § 2255(h) interchangeably. *Brown*, 889 F.3d at 668 n.4.

[2] *Brady* material refers to "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S.

evidence appears in a second habeas petition challenging the same underlying convictions, the district court correctly determined that § 2255(h)(1) established Lane's burden of proof. *See Brown*, 889 F.3d at 668 ("*Brady* claims are subject to AEDPA's second or successive gatekeeping requirements . . . ." (citation omitted)). AEDPA therefore "elevates the 'reasonable probability' standard for *Brady* materiality to a more demanding 'clear and convincing evidence' standard." *Id.* at 675 (citation omitted).

Under the applicable clear and convincing evidentiary standard, Lane's newly found evidence is insufficient to establish that no reasonable factfinder would have found him guilty of the charged offenses. The *Gas Pipe* materials indicate that subdivisions within the DEA occasionally disagree about whether certain substances are analogues to schedule I or II drugs. The evidence specifically references one of several substances charged in Lane's case, revealing that there was disagreement regarding whether MDPV was substantially similar in chemical structure to MDEA.

The trial jury, however, did not find that MDPV was an analogue to *MDEA* in Lane's case; instead, it found that the MDPV possessed by Lane was an

---

83, 87 (1963). Such evidence must be disclosed by the prosecution. *Id.* When the prosecution suppresses *Brady* evidence, the defendant must normally only show "[a] 'reasonable probability' of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

analogue to *methcathinone*. Lane points to no evidence that suggests any internal disagreement within the DEA about whether MDPV is substantially similar to methcathinone, instead simply assuming that dissenting opinions must exist about the comparisons used here. And Lane extends this argument further to suggest that, because sometimes scientists within the DEA disagree, dissents could exist on some or all of the substances charged in his case. AEDPA's "clear and convincing evidence" standard requires far more than such speculation. *See Brown*, 889 F.3d at 675.

Additionally, the newly discovered evidence presents little, if any, impeachment value. The *Gas Pipe* materials indicate generally that sometimes scientists within the DEA disagree about whether substances have similar chemical structures to each other. This comports with Dr. DiBerardino's testimony that the DEA's scientists sometimes have different opinions. But here, Lane can point to no disagreement within the DEA as to Dr. DiBerardino's testimony. Additionally, Dr. DiBerardino explained why he believed the chemical structures of various substances underlying Lane's conviction were similar, citing specific characteristics about the chemical compounds. Therefore, Lane's newly discovered evidence falls short of clearly and convincingly demonstrating that no reasonable factfinder would accept Dr. DiBerardino's opinion and find Lane guilty. Accordingly, Lane's most recent habeas petition does not satisfy AEDPA.

We construe Lane's uncertified argument that the district court should have permitted additional discovery and held a new evidentiary hearing as a motion to expand the Certificate of Appealability ("COA"). *See* 9th Cir. R. 22-1(e). To succeed on such a motion, the habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) ("The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA."). "Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (internal quotation marks omitted).

The district court did not conduct discovery or an evidentiary hearing because Lane did not show good cause to do so. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (requiring a petitioner to show good cause for a judge to allow discovery in a successive habeas motion). To satisfy the requirement of good cause, Lane needs to make "specific allegations" that, if fully developed, can "demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (omission in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Lane's allegations that new discovery would uncover DEA dissents concerning the drug comparisons used in

his case do not meet this standard, as this evidence—assuming it exists—would not push his successive habeas motion across the threshold of 28 U.S.C. § 2255(h)(1). Even if scientists within the DEA disagreed about whether Lane's drugs were controlled substance analogues, a reasonable factfinder could still agree with Dr. DiBerardino's expert opinion. Any reasonable jurist would agree with the district court that new discovery or an evidentiary hearing would be pointless. We therefore decline to expand the COA.

**AFFIRMED.**